IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSAL MORTGAGE CORPORATION,
12080 North Corporate Parkway
Mequon, Wisconsin 53092,

                                ORDER

            Plaintiff,

                             09-cv-106-slc[1]

    v.

CHRISTINE E. ADAMS and PATRICK ADAMS,
possible spouse of Christine E. Adams,
1501 East Park Avenue
Wausau, WI 54403

JOHN and/or JANE DOE,
unknown tenants,
1501 East Park Avenue
Wausau, WI 54403

LIZ and STEVEN WADZINSKI,
2625 Trunk Road
Mosinee, WI 54455-8232

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. However, the magistrate judge cannot decide dispositive issues in an action unless the parties give their consent for the magistrate judge to preside over all aspects of their case. At this early date, consents to the magistrate judge's jurisdiction have not been filed by all the parties to this action. Therefore, for the purpose of issuing this order, I am assuming jurisdiction over the case.

1

US BANK, NA, successor to
FIRSTAR BANK, USA, NA,
c/o Its President
601 2nd Avenue South
Minneapolis, MN 55402

GLEN WITTER,
221 Stewart Avenue
Wausau, WI 54401

COTTONWOOD FINANCIAL LTD,
LIMITED PARTHERSHIP (REGD
NAME) a/k/a COTTONWOOD
FINANCIAL, LTD., (PART NAME),
c/o CT Corporation System
8025 Excelsior Dr., Suite 200,
Madison, WI 53717

ALLIANCE COLLECTION AGENCIES, INC.
c/o Daniel J. O'Connell
3916 South Business Park Avenue
Marshfield, WI 54449,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  On November 26, 2007, plaintiff filed this foreclosure action in the Circuit Court for Marathon County, Wisconsin. On February 24, 2009, defendant Christine Adams (hereinafter defendant Adams) removed the action to this court and asked for leave to proceed in forma pauperis. Her notice of removal is accompanied by a copy of plaintiff's complaint.

2

According to the complaint, defendant Christine Adams and her "possible spouse," Patrick Adams, failed to make payments on a mortgage secured by the Adamses' home at 1501 East Park Avenue in Wausau, Wisconsin.  Plaintiff alleges that the remaining defendants may hold interests in the property in light of money judgments they have obtained against the Adamses in state court.  In addition to declaratory and injunctive relief, plaintiff seeks payment of $74,034.96, which is the total amount allegedly owed on the home, plus interest, late charges and attorney fees and costs.

Pursuant to 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued.  In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand.  Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982).  Having examined the petition for removal in this case, I conclude that this action must be remanded to the Circuit Court for Marathon County, because this court lacks subject matter jurisdiction over the case.

The burden of establishing federal jurisdiction is on the party seeking removal.  Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000).  Generally, federal courts may hear two types of cases: those involving questions of federal law and those involving disputes

between citizens of different states when the amount of money at stake is more than $75,000.  28 U.S.C. §§ 1331 and 1332.  Here, defendant Adams does not appear to be asserting jurisdiction under the diversity statute, 28 U.S.C. § 1332.  The amount in controversy is not alleged to exceed $75,000 and the parties do not appear to be of diverse citizenship.  Instead, defendant Adams asserts in her notice of removal that the "proceedings" (presumably the forfeiture proceedings) are "occurring in violation of the Uniform Commercial Code and 15 USCA 1692."  (15 U.S.C. § 1692 is the codification of the Fair Debt Collection Practices Act.)  Thus, I infer that defendant Adams is contending that this court has general federal question jurisdiction over the case under 28 U.S.C. § 1331.   She is wrong.

As an initial matter, I note that defendant Adams has not complied with a number of the procedural requirements set forth in 28 U.S.C. § 1446(a) for removing a case to federal court. Section 1446(a) provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court for the district and division within such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Defendant Adams's notice of removal is not signed by all of the defendants, suggesting that all the defendants have not joined in the removal as they must do in order for the removal

4

to be valid.  <u>Northern Illinois Gas v. Airco Industrial Gases</u>, 676 F.2d 270, 273 (7th Cir. 1982).  In addition, the notice is not accompanied by a copy of "all process" and "orders served" on the defendants, making it impossible to tell whether the removal is timely.  These procedural errors aside, defendant Adams's statement that the "proceedings" are "occurring in violation of the Uniform Commercial Code and 15 USCA 1692" is not sufficient to establish that federal question jurisdiction exists.

The propriety of removal depends on whether the complaint as the *plaintiff* frames it, is within the district court's original jurisdiction at the time of removal.  <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983).  If the plaintiff's well-pleaded complaint is not based on a federal question, there is no § 1331 jurisdiction.  <u>Adkins v. Illinois Cent. R. Co.</u>, 326 F.3d 828, 836 (7th Cir. 2003) (citing <u>Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.</u>, 535 U.S. 826 (2002)).  As noted above, plaintiff's action is a straightforward foreclosure action arising under state law.

Because this action is not an action that falls within the jurisdiction of a federal court, it is not removable pursuant to 28 U.S.C. § 1441(a).  Therefore it must be remanded to the Circuit Court for Marathon County, Wisconsin.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Marathon

County, Wisconsin on the ground that this court lacks jurisdiction to hear it.

Entered this 5th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge